# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DENISE SHEPARD-FRASER**,

Petitioner,

v.

**UNITED STATES OF AMERICA**,

Respondent

Civil No. 16-2960 (DRD)
(Criminal Case No. 09-113)

## OPINION AND ORDER

Pending before the Court is Petitioner Denise Shepard-Fraser's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* imposed in criminal case 3:09-cr-0113. *See* Docket No. 1, *see also* 28 U.S.C. § 2255. For the reasons provided below, the Court **DENIES** Petitioner's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* (Docket No. 1).

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2011, following a trial, a jury convicted Petitioner, Denise Shepard-Fraser, hereinafter ("Petitioner") on two counts; conspiring to distribute and possessing with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846[1]. On August 30, 2012 Petitioner was sentenced to 128 months imprisonment as to both counts to be served concurrently with each other. *See* Crim. Docket No. 914. Petitioner appealed. On appeal she challenged the sufficiency of evidence and reasonableness of her sentence. However, the Court of Appeals affirmed her sentence.

---

[1] At sentencing, the Court made a drug quantity determination of 26 kilograms of cocaine. *See* Crim. Docket No. 936 PP. 36-38.

1

On June 29, 2015 the Supreme Court denied her petition for writ of *certiorari*. Therefore, her sentence for prescription purposes as to habeas corpus became effective that same day.

Then, on November 9, 2016, Petitioner initiated the instant matter pursuant to 28 U.S.C. § 2255 (Docket No. 1) alleging that since Amendment 794 modified the commentary to authorize a minor role Guideline (U.S.S.G. § 3B1.2). Such amendment took effect on November 1, 2015, her petition was timely under the new discovered rule and under the limitation period of AEDPA.

On December 16, 2016, the United States filed a *Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255* (Docket No. 4) averring that Petitioner's motion is time barred, and further Amendment 794 is not retroactively applicable on collateral review.

## II. ANALYSIS

### A. § 2255 STATUTE OF LIMITATIONS:

Cases arising under 28 U.S.C. § 2255 have a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In 2010, the U.S. Supreme Court held in Holland v. Florida that the statute of limitations period under a similar AEDPA provision, 28 U.S.C. § 2244(d), applicable to federal habeas petitions filed by prisoners in state custody, is subject to equitable tolling under certain circumstances. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Following the Holland decision as well as ten other circuit courts of appeals, the First Circuit recently held that the "one-year limitations period [in §2255 cases] is subject to equitable tolling in appropriate instances." Ramos-Martínez v. United States, 638 F.3d 315, 322 (1st Cir. 2011).

To gain the benefit of the equitable tolling doctrine, the petitioner must show "'(1) that he/she has been pursuing his/her rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); *see* Trapp v. Spencer, 479 F.3d 53, 61 (1st Cir. 2007) (listing additional factors that may influence whether or not to grant equitable tolling). Binding First Circuit precedent holds that "that equitable tolling is available only in cases in which circumstances beyond the litigant's control have prevented [him] from promptly filing." Ramos-Martínez, 638 F.3d at 322 (1st Cir. 2011)(internal citations and quotations omitted); *see also* Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004)("To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly.'")(quoting Irwin v. Dep't of Vet. Affairs, 498 U.S. 89, 96 (1990)).

In the case at bar, Petitioner's judgment was entered on August 30, 2012, becoming final on June 29, 2015 when the Supreme Court denied her writ of *certiorari*. In support of her argument that the instant motion was timely filed, Petitioner asserts that newly discovered evidence exists which was not readily available when her judgment became final. The Court finds

3

that Petitioner's explanations for her delay in filing the instant habeas corpus proceeding fails to meet the stringent threshold set forth in Ramos-Martínez.

At the outset, the Court stresses that Petitioner's argument, which is wholly misguided and completely erroneous, was nonetheless untimely. Petitioner had the burden of showing that some extraordinary circumstance stood in her way and prevented a timely filing, yet no such reason was proffered.

Absent an applicable exception, petitions filed outside that year are untimely. *See* Lattimore v. Dubois, 311 F.3d 46 (1st. Cir. 2002); United States v. Marcello, 212 F. 3d. 1005, 1010 (7th Cir. 2000). Nevertheless, Petitioner fails to excuse her untimeliness, therefore, she is not entitled to equitable tolling.

**B. UNITED STATES SENTENCING COMMISSION AMENDMENT 794:**

Petitioner also claims entitlement to retroactive application to United States Sentencing Commission Amendment 794, which revised the commentary to the minor role Guideline, U.S.S.G. § 3B1.2, and took effect on November 1, 2015. The Amendment consisted in clarifying that in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant and provided a non-exhaustive list of factors for the court to consider. *See* U.S.S.G. Supp. App. C. Amend 794. However, Petitioner's collateral attack on the application of the guidelines is not cognizable under 28 U.S.C. § 2255. See Auman v. United States, 67 F.3d 157, 167 (8th Cir. 1995).

If the Court were to consider that Petitioner's contention was cognizable under 28 U.S.C. § 2255, she would still not be entitled to a sentence reduction due to the fact that Amendment

4

794 is not retroactively applicable on collateral review. See United States v. Ochoa-Alapisco, 2016 WL 6561554 at *2 (D. Minn. 2016). Petitioner incorrectly relies on United States v. Quintero-Leyva, 823 F.3d 519, 522-24 (9th Cir. 2016) which held that Amendment 794 applies retroactively to direct appeals.

Accordingly, the Court holds that Shepard's habeas corpus petition is untimely by one (1) year and five (5) months. Thus, Petitioner's 28 U.S.C. § 2255 motion to vacate is hereby **DENIED**.

### III. CONCLUSION

For the reasons elucidated above, the Court determines that Petitioner Shepard's habeas corpus petition is untimely and, hence, must be **DENIED**. Notwithstanding, the Court accentuates that Petitioner's underlying claims are meritless.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of April, 2017.

*S/ DANIEL R. DOMINGUEZ*
DANIEL R. DOMINGUEZ
U.S. District Judge